# In the United States Court of Federal Claims

(Pro Se)
No. 19-1729C
(Filed: January 13, 2020 | Not for Publication)

| | |
|---|---|
| FRANKIE SANCHEZ, PMA, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Keywords: Pro Se; Motion to Dismiss; Subject-Matter Jurisdiction; Sovereign Citizen |

*Frankie Sanchez*, Howard Beach, NY, pro se.

*James W. Poirier*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Martin F. Hockey, Jr.*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Joseph H. Hunt*, Assistant Attorney General, for Defendant.

**OPINION AND ORDER**

**KAPLAN, Judge.**

    On November 5, 2019, pro se Plaintiff Frankie Sanchez filed a complaint in this court. Docket No. 1. In his complaint he alleges that the Family Court of the State of New York, County of Queens, the Queen's County District Attorney's Office, and the U.S. Department of Health and Human Services "are forcing the plaintiff into their Association" and that "in violation of the Universal Declaration of Human Rights . . . ha[ve] taken the plaintiff's [p]roperty rights by taking the plaintiff's intangible property rights." Compl. at 8, Docket No. 1. He also states that the government has not provided evidence in a case against him (which he refers to as "NV66390A1") and that he "rescind[s] and reject[s] any contract with the [government]." Id. at 3, 5. Mr. Sanchez requests that the Court dismiss all cases against him and find him entitled to $321,400,000 "for all the intentional fraud, theft, battery, assault, financial losses, misrepresentation, false imprisonment, emotional infliction of mental distress, trespassing to land, trespassing to chattel and conversion and duress against [him] since the age of majority." Id. at 10.

    On December 4, 2019, the government filed a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Docket No. 5. The

government argues that Mr. Sanchez has failed to meet his burden to establish subject-matter jurisdiction. Def.'s Mot. to Dismiss at 1. The Court agrees.

In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

Mr. Sanchez has not yet responded to the government's motion to dismiss. Nonetheless, having considered the complaint and the government's motion, the Court finds that it lacks subject-matter jurisdiction and is obligated to dismiss the case on that ground.

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc., 521 F.3d at 1343 ("[P]laintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States.") (citation omitted).

Mr. Sanchez has not identified any "money-mandating" source of substantive law giving him a "right to money damages," as required for Tucker Act jurisdiction. See Jan's Helicopter Serv., 525 F.3d at 1306; see also Rick's Mushroom Serv., Inc., 521 F.3d at 1343. Most of the causes of action he asserts—i.e., "intentional fraud, theft, battery, assault, financial losses, misrepresentation, false imprisonment, emotional infliction of mental distress, trespassing to land, trespassing to chattel and conversion and duress," Compl. at 8—sound in tort and, thus, fall outside of this Court's jurisdiction. Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)) ("The Court of Federal Claims is a court of limited jurisdiction. It lacks jurisdiction over tort actions against the United States."); see also Phu Mang Phang v. United States, 388 Fed. App'x. 961, 963 (Fed. Cir. 2010) (stating that "the Tucker Act expressly excludes from the Claims Court's jurisdiction tort claims against the government"). Mr. Sanchez also appears to challenge the validity of several state court rulings, actions over which this Court also lacks jurisdiction. See Leber v. United States, 2019 WL 6700257, at *3 (Fed. Cl. Oct. 24, 2019) (quoting Lord Noble Kato Bakari El v. United States, 127 Fed. Cl. 700, 704 (2016)) (explaining that the Court of Federal Claims "lacks jurisdiction to review the decisions of state courts"). Therefore, these claims must be **DISMISSED**.

The Court notes that Mr. Sanchez's statement of claims appears to be grounded on a set of beliefs held by members of the so-called "sovereign citizen" movement. See, e.g., Bryant v.

Wash. Mut. Bank, 524 F. Supp. 2d 753, 758–59 (W.D. Va. 2007). Thus, he appears to believe that he is not subject to the laws of the United States and that he is not a citizen of the United States. Such claims are frivolous and cannot serve as the basis for this Court's assertion of jurisdiction. See, e.g., Mitchell v. United States, 136 Fed. Cl. 286, 289 (2018).

For these reasons, the Court lacks subject-matter jurisdiction over Mr. Sanchez's complaint. Accordingly, the government's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED** and Mr. Sanchez's complaint is **DISMISSED without prejudice**. The Clerk shall enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge